EMMA KLEIBER ET AL. V. CHAS. MCMANUS.

(Case No. 2140)

1. REMOVAL OF CAUSES—FEDERAL COURTS—ORDER REMANDING—STATE COURTS—JURISDICTION—Although the order made by a state court in response to an application for removal of a suit therein pending to a federal court was properly granted, the refusal of the federal court to receive the case, or its order remanding it, acquiesced in by the parties, re-vests the state court with power to proceed with the cause, as fully as if its jurisdiction had never been interrupted. (Citing Thatcher v. McWilliams, 47 Ga., 306, and Ins. Co. v. Francis, 52 Miss., 457.)

1. JURISDICTION OF SUPREME COURT—INTERLOCUTORY JUDGMENTS—APPEAL—MANDAMUS—The supreme court has appellate jurisdiction to revise an interlocutory order of the district court refusing to proceed with a cause therein pending, and, if the action of the latter court is found to be erroneous, to correct the error by a writ of mandamus.

3. SAME—PRACTICE—This appellate jurisdiction is invoked by an application accompanied by a transcript of such parts of the record as illustrate the error complained of, and, in a proper case, the issuance of a citation or notice to the adverse party. Upon a rule by the court, or the fiat of one of the judges, an order to show cause is issued, and, on the return thereof, the matter in issue is adjudicated by the court, and a writ of mandamus awarded or refused, as the case may require.

APPEAL from Cameron.

On rule against the Hon. Jno. C. Russell, judge of the district court of Cameron county, to show cause why a peremptory mandamus should not issue, requiring him to proceed with the trial of the above cause. This suit was instituted by Emma Kleiber against Charles McManus and Francis E. McManus, on May 26, 1883, in the district court of Cameron county, for the recovery of $4.430, her portion of the proceeds of certain lands, in which suit the defendant, Francis E. McManus, pleaded a counter claim of $1,512.50 against the plaintiff. On September 27, 1884, on motion of Charles McManus, the district court made an order removing the cause therefrom to the circuit court of the United States. On April 6, 1885, the circuit court of the United States, on motion, remanded the cause to the district court, from which ruling no appeal was ever taken. The applicants, thereupon, moved the district court to proceed with the trial, but the court overruled the motion and refused to proceed, on the ground that the court had, by the order of removal theretofore made, lost and had never re-acquired jurisdiction of the cause.

*Waul & Walker*, for applicants, that when the United States court remands a case to the state court, it is considered as pending in the state court, and its jurisdiction, *ipso facto*, re-attaches, and it is the duty of the state court to proceed with the trial of the cause, cited: Thatcher v. McWilliams, 47 Ga., 306; Germania Ins. Co. v. Francis, 52 Miss., 457.

That the supreme court has appellate jurisdiction to revise an interlocutory order of the district court, refusing to proceed with the trial of a cause therein pending, and to correct the error by mandamus, they cited: Constitution, art. 5, sec. 25; R. S., 1011, 1012, 1014, 1015, 1016.

Counsel for applicants, also cited: 2 Story's Com., sec. 1761; 1 Curtis' Com., secs 110-113 ; Phillips' Sup. Ct. Prac., 310-313, and art. 3

on App. Juris , 360 ; Spear's Fed. Judiciary, 331-334, and cases cited ; High Ext. Leg. Rem., secs. 152, 185, 581, 582, 583 ; Kendall v. United States, 12 Peters, 622; see also for full discussion of the right : Virginia v. Reeves, 100 U. S., 327 ; Ins. Co. v. Adams, 9 Peters, 571 ; Ex parte Yerger, 8 Wall., 98 ; Ex parte Crane. 5 Peters, 190-193 ; Marbury v. Madison, 1 Cranch, 175, 176 ; Ex parte Bollman, 4 Cranch, 101 ; Insurance Co. v. Comstock, 16 Wall., 270 ; Railroad Co. v. Wiswall, 23 Wall., 507 ; Barnett v. Meredith, 10 Grattan, 650; Savage v. Holmes, 15 La., Ann. 334 ; State v. Hall, 3 Cold. (Tenn.), 255 ; State v. Elmore, 6 Cold., 528; Saunders v. Nelson, Cir. Ct., Harding, 1st ed., 19 ; Harding v. Register, 6 Littell, 28; State v. District Judge, 34 La. Ann., 1177.

*M. E. Kleberg,* for respondent, that the supreme court has no jurisdiction to issue a mandamus to compel the judge of a district court to proceed to trial and judgment in a cause, cited : Constitution, art 5, sec. 3 ; Wells v. Littlefield, 62 Tex., 28 ; Churchill v. Martin, 65 Tex., 367; High Ext. Legal Rem., secs. 156, 173, 177, 188, 190, 252, 257, 580, 581, 582; International R'y v. Comptroller, 36 Tex., 641; 98 U. S., 240; 101 U. S., 711.

ROBERTSON, ASSOCIATE JUSTICE.—The case presented in the application for mandamus, not controverted, is one in which the jurisdiction of the district court has been undoubtedly restored to it.   If the order of removal was properly granted, the refusal of the federal court to receive the case, or its order remanding it, acquiesced in by the parties, re-invested the district court with its power to proceed with the suit, as if its jurisdiction had never been interrupted.   Thatcher v. Williams, 47 Ga., 306; Ins. Co. v. Francis, 52 Miss., 457.   It was the right and duty of the district court to proceed to final judgment.   That the order refusing to proceed is not a final judgment is the necessary result of the decision of this court in the case of Durham v. Insurance Company, 46 Tex., 182.

In that case, the order of removal was held not to be a final judgment. That order implied a refusal of the district court to proceed further in the case.   Here the refusal is expressed.

The constitution in defining the jurisdiction of the supreme court provides that "Appeals may be allowed from interlocutory judgments of the district courts, in such cases, and under such regulations as may be provided by law." The power of the legislature to authorize an appeal in this case, is thus distinctly given.   The broad and frequented avenues to this court, known of all men, are writ of error and appeal.

But there is nothing in the organic law limiting to these two the ways to which the appellate jurisdiction of this court may be reached.

Whatever puts the supreme court in possession of the case, and authorizes it to revise the order complained of, and to direct what shall be done to correct the error found, puts in operation the appellate jurisdiction with respect to that order. As to interlocutory orders, there is no absolute right of appeal. The cases in which the appeal shall be allowed and how the right of appeal in these cases shall be exercised, —the procedure—are to be prescribed by the legislature. The appeal may be allowed, without requiring the appellant to give notice of appeal or to give a bond, or to obtain and file a transcript. These are usual statutory incidents of appeal—they are not organic requirements, and may be dispensed with by the legislature.

The question here is, has the legislature authorized an appeal from an interlocutory order of the district court, refusing to proceed with a case, and prescribed how the appeal shall be taken. The only law bearing upon the question is Art. 1016 of the Revised Statutes, which enacts that "the said court (meaning the supreme court), or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause, agreeably to the principles and usages of law, returnable to the supreme court on or before the first day of the term, or during the session of the same, or before any judge of said court, as the nature of the case may require."

The appellate power is vested by the constitution in the supreme court, and not in the several judges. The attempt in the last two clauses of the article to confer this power upon "any judge of the said court," will not defeat the purpose of the legislature to confer warranted jurisdiction upon the *court*, if that purpose is declared in other parts of the statute. We may, therefore, discard the two last clauses in determining the effect of the statute ; what is left is complete without them. On this principle, the act of May 10, 1840, P. D., art. 469 *et seq.*, was given effect by ignoring the void features. Thomas *v.* State, 9 Tex., 333; Miller *v.* Holtz, 23 Tex., 141.

This article contemplates a revision of the action of the district court refusing to proceed with a cause, and a correction of the error by a writ of mandamus, if the action of the district court is found to be erroneous. The writ does not issue *until* the court has exercised jurisdiction of the cause, has heard and determined the matter in issue—the mandamus then issues to enforce the judgment. We have no difficulty whatever in determining that this writ may be used to enforce the judgments of this court. The constitution expressly authorizes its issue to enforce the jurisdiction of the court. This point was fully con-

sidered and determined in the case of Wells v. Littlefield, 62 Tex., 28.
It was there held, however, that this writ could issue from this court
only in cases in which the jurisdiction has attached. The writ is not
the means of *acquiring* jurisdiction, but of executing the sentence of
the supreme court in a case in which the supreme court has already
acquired and exercised its appellate power. This statute does not con-
template the issue of the writ until it has been determined that the
court below has improperly refused to proceed. This is legitimate and
constitutional.

The real question recurs, has the legislature, in this act, exercised
its constitutional right to allow an appeal from this interlocutory order
of the district court? The writ of mandamus is an appropriate remedy
for the wrong, if the law has put us in possession of the case and
authorized us to determine that a wrong has been done. It was undoubt-
edly intended that this issue should be adjudicated—it was an issue the
legislature might authorize this court to adjudicate, and the only ques-
tion left is, whether or not the act sufficiently prescribes the procedure
by which aggrieved parties are to invoke the appellate jurisdiction.
This depends on a single clause of the statute. The cases to which
the prescribed remedy may be applied are stated in the act—the rem-
edy is to be *sought* "agreeably to the principles and usages of law."
This clause has reference necessarily only to the procedure. It was not
intended that this court should direct the district court how it should
proceed, or what final judgment its proceedings should result in. This
would be trying the case in advance of the district court and the exer-
cise of original jurisdiction. In the application—in the appeal—the
invocation of the appellate jurisdiction to revise and correct the error
of the district court in refusing to proceed with the cause, the com-
plaining party, the appellant, is to proceed "agreeably to the usages
and principles of law."

This law, as substantially re-enacted, was originally passed on May
12, 1846, P. D , Art. 1579. The constitution of 1845 gave to the supreme
court the power to issue the writ, in the class of cases being considered,
in express terms, section 3, article 4. The statute was utterly useless,
unless in the clause quoted, it was intended to prescribe the means of
executing the power already created. A statute (U. S. R. S., sec 688)
of the United States was then in force very similar in terms, and it had
been construed by the supreme court of the United States as prescrib-
ing the procedure by which the appellate power of that court could be
vitalized. Spear's Fed. Judiciary, 331, *et seq.*, and cases cited; Phillips'
Sup. Ct. Pr., 310, *et seq.*; L. & F. Co. v. Adams, 9 Pet., 571.

How this appellate jurisdiction could be invoked "agreeably to the

principles and usages of law," the supreme court of the United States had already discovered and announced under the federal statute, when, with the same purpose in view, the legislature of Texas, in the enactment of our law, used so nearly the same language as that contained in the federal statute. As the legislature had the power, under our present constitution, to authorize the supreme court to revise interlocutory orders, and it has distinctly manifested its purpose that this court should revise such interlocutory orders as that now before us, this court would hesitate to allow that purpose to be defeated by the vagueness or inadequacy of the prescribed practice. If the "principles and usages of law" are uncertain or indefinite, the practice could be defined and the proceeding regulated by this court under section 25, article 5 of the constitution. But the procedure is neither inadequate nor uncertain. The jurisdiction is invoked by an application, accompanied by a transcript of such parts of the record as illustrate the error complained of. Upon an order of the court, or a fiat of one of the judges, an order to show cause is issued, and upon the return, the matter in issue is adjudicated by the court. In a proper case, a citation, or notice to the adverse party, would issue. The action of the district court would be revised and the writ would be awarded, or refused, as the event required. See Spears and Phillips, *supra.*

In this case the applicants make, as an exhibit to their petition, a complete transcript of the record in the court below, as upon any other appeal. Judge Russell, in his return exhibits the material parts of the record below. The court is thus fully advised of every fact and proceeding in the court below necessary to enable it to determine whether the refusal of the district court to proceed to final judgment was or not proper. As already announced, we have no doubt that the jurisdiction of the district court has been restored, and that court should dispose of the case by final judgment.

The order of the court is that the clerk issue the writ in accordance with the prayer of the petition. Judge Russell acted upon a view of the law not sustained. He did nothing to justify taxing him with the costs of this proceeding. The defendant was not cited and did not appear. We are, therefore, of opinion that the costs should be paid by the applicants, and it is so ordered.

APPLICATION GRANTED.

[Opinion delivered March 23, 1886.]