ROBERTS et al. v. MUNROE, District Judge. (No. 5854.)

(Court of Civil Appeals of Texas. Austin. Feb. 13, 1917. On Motion for Rehearing, April 4, 1917.)

1. COURTS ⬦➡480(1)—JURISDICTION—LOSS OF.

Where an application by a corporate stockholder to obtain a writ of mandamus compelling the officers to permit him to inspect the corporate books was filed with one judge of the district court of a county, the subsequent filing with another judge of a petition to enjoin the stockholder from proceeding with an alleged conspiracy to secure the names of persons interested in the corporation so that he might make false charges to other stockholders does not deprive the first judge of jurisdiction to entertain the mandamus proceeding.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270, 1271, 1274–1278.]

2. MANDAMUS ⬦➡31 — COURTS OF CIVIL APPEAL—JURISDICTION.

Rev. St. art. 1595, declaring that the Courts of Civil Appeals or any judge thereof in vacation may issue a writ of mandamus to compel a judge of a district court to proceed to trial and judgment in the cause agreeably to the principles and usages of law, the Court of Civil Appeals has no authority to dictate the judgment to be rendered by the judge of the district court, but merely to require him to proceed.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 74, 75.]

3. MANDAMUS ⬠141 — JURISDICTION — DISTRICT COURT.

As both the Constitution and statutes authorize district courts and judges thereof to issue writs of mandamus, district judges may, where the facts are undisputed, issue writs of mandamus in vacation.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 276–278.]

4. MANDAMUS ⬠129 — STOCKHOLDERS — INSPECTION OF BOOKS.

Notwithstanding the statute declaring that a stockholder shall have the right to examine the books of a corporation, one seeking to examine the corporate books, not for the purpose of protecting his own interest as a stockholder, but to obtain information to be used in furtherance of a scheme to defraud stockholders and wreck the corporation, is not entitled to the aid of the courts to secure his right to examine the corporate books.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 264.]

5. MANDAMUS ⬠1 — PROCEEDINGS — NATURE OF.

The statutory remedy denominated a writ of mandamus is a civil suit, the common-law prerogative features of the writ having been modified.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 1–3.]

6. JURY ⬠19(3)—MANDAMUS PROCEEDINGS— JURY TRIAL.

Constitution Bill of Rights declares that the right of trial by jury shall remain inviolate, and article 5, § 10, provides that, upon timely demand and payment of the jury fee, either party to a cause shall be entitled to a jury trial. Other provisions of the Constitution confer upon district courts and the judge thereof in vacation the power to issue writs of mandamus. On an application for a writ of mandamus filed with the district judge in vacation, respondents filed an answer denying the allegations of the application, made timely demand for jury trial, and paid the fee in accordance with the Constitution. Held that, in view of the safeguards surrounding the right to trial by jury and of the fact that mandamus has become a civil suit, the district judge cannot in vacation issue a writ of mandamus without jury trial, where the facts are disputed and jury has been demanded; his power being limited to the issuance of writs where the facts are undisputed.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 106.]

7. MANDAMUS ⬠31 — COURTS OF CIVIL APPEALS—JURISDICTION.

Under Rev. St. 1911, art. 1595, declaring that the Court of Civil Appeals or any judge thereof in vacation may issue a writ of mandamus to compel a judge of the district court to proceed to trial and judgment in the cause agreeably to the principles and usages of law, the Court of Civil Appeals may, where the district judge has in vacation issued a writ of mandamus notwithstanding the facts were disputed and jury trial was demanded, issue a writ of mandamus compelling the district judge to proceed with the trial of the cause, though such writ will require him to set aside his own erroneous order and proceed to hearing with a jury during term.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 74, 75.]

Original petition by Artemas ·R. Roberts and others for writ of mandamus against Richard I. Munroe, District Judge. Writ granted.

Williams & Williams and E. G. Senter, all of Waco, for petitioners. Richard I. Munroe, Spell & Sanford, and Stribling & Stribling, all of Waco, for respondent.

KEY, C. J. On the 13th day of January, 1917, Eli W. Gaffney filed a petition in the district court of McLennan county for the Fifty-Fourth judicial district, against Artemas R. Roberts, A. R. Wilson, and the Amicable Life Insurance Company, in which petition he sought to obtain a peremptory writ of mandamus, compelling Artemas R. Roberts, as president, and A. R. Wilson, as secretary, of the Amicable Life Insurance Company, to permit him as a stockholder in that corporation to inspect the stock books and other record books of the company. The petition was properly verified, and for the purpose of this opinion it will be conceded that it alleged facts which, if true, entitled Gaffney to the relief sought, unless his right to such relief would be defeated by proof of the facts averred in the answer filed by the respondents in that case. On the same day the petition was presented to Judge Munroe, who set the matter for hearing on the 18th day of January, 1917, but who thereafter, at the request of defendants' counsel, postponed the hearing until the 25th day of that month. On the 20th day of January, 1917, the Amicable Life Insurance Company filed a petition against Eli W. Gaffney and five other defendants in the district court of McLennan county for the Seventy-Fourth judicial district, in which suit the plaintiff alleged that Gaffney was not in fact a stockholder in the plaintiff's corporation; that he and the other defendants had entered into a ·conspiracy for the purpose of destroying and wrecking plaintiff's business; that in order to accomplish that result the defendant Gaffney desired to inspect the plaintiff's books and records for the purpose of obtaining a list of its stockholders, in order that he might communicate with them and make to them false and untrue charges against the plaintiff, its officers and employés, in the management of its business, etc. On the 20th day of January, 1917, that petition was presented to Judge E. J. Clark, judge of the district court of McLennan county for the Seventy-Fourth judicial district, and he granted a temporary writ of injunction, restraining the defendants from committing the wrongful acts charged in that petition.

On the 25th day of January, 1917, Judge Munroe, whose court was not in session in McLennan county, and acting in vacation, heard and disposed of the case first above referred to, and granted to Gaffney, the plaintiff in that case, the writ of mandamus prayed for against the defendants in that case, compelling them to permit him to examine the books and records of the corporation known as tne Amicable Life Insurance Company. They ap-

---

peared and filed an answer, in which they set up substantially the same facts set up in their petition, upon which Judge Clark had already issued an injunction in their favor; and they also paid a jury fee, and demanded that the case be put on the jury docket, and tried at the next term of Judge Munroe's court in McLennan county.

Judge Munroe, as shown by his answer filed in this court, decided that Gaffney was a bona fide stockholder in the Amicable Life Insurance Company, and was such when he made request to inspect the records and books of the company; and he held, as matter of law, that he was vested with jurisdiction and power to finally try and decide the case in vacation, and that, even conceding that the pleadings presented a material issue of fact, the defendants were not entitled, as matter of right, to have the case put on the jury docket and tried before a jury in open court; that as such stockholder Gaffney had the right to examine the books and records of the insurance company at reasonable times, regardless of his motives for making such examination; and that the proper preservation and enforcement of his rights in that regard demanded judicial action at that time, and when the district court of McLennan county for the Fifty-Fourth judicial district was not in session.

On January 27, 1917, the Amicable Life Insurance Company and Artemas R. Roberts and A. R. Wilson, president and secretary of that company, as relators, filed a petition in this court against Judge Richard I. Munroe, as respondent, in which they pray for a judgment and decree, commanding and requiring him to vacate the order and decree made by him granting the writ of mandamus against relators, and to require the clerk of that court to recall and cancel the same, and to place that case upon the jury docket, etc.

After due notice, hearing, and consideration, this court has reached the conclusion that the relators are entitled to the relief sought.

[1] Preliminary to a discussion of the controlling questions in the case, we deem it proper to say that we do not regard the proceeding had in Judge Clark's court as in any wise affecting the rights of the parties in this court. We agree with the ruling of Judge Munroe, wherein he held that, as the suit in his court was filed before the one brought in Judge Clark's court, the proceedings had in the latter case in no wise affected his jurisdiction in the other case.

[2] If this court has any authority to grant the relief sought in this case, such authority is derived from article 1595 of the Revised Statutes, relating to Courts of Civil Appeals, which reads:

"The said courts, or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause, agreeably to the principles and usages of law, returnable on or before the first day of the next term or during the session of the same, or before any judge of the said court, as the nature of the case may require."

It was decided by our Supreme Court in Kleiber v. McManus, 66 Tex. 48, 17 S. W. 249, that the phrase "agreeably to the principles and usages of law," contained in a similar statute which at that time conferred similar jurisdiction upon the Supreme Court, should be construed as applying to the procedure in the appellate court by which the mandamus was sought, and not as characterizing the nature of that writ when issued against a district judge; and we accept the construction placed upon that statute as the proper one to be placed upon the statute authorizing Courts of Civil Appeals and judges thereof to issue writs of mandamus for the purpose of requiring a district judge to proceed to trial of a case.

We also accept and heartily concur in the doctrine announced by our Supreme Court in Ewing v. Cohen, 63 Tex. 482, and many other cases, to the effect that, while the statute referred to confers power upon this court to compel a district judge to proceed with the trial of a case, it does not confer authority to dictate what judgment shall be rendered, or direct how the district court shall rule upon any question that may arise during the progress of the trial.

[3] With these preliminary observations, we now pass to a consideration of more important questions. Did the law confer upon the respondent authority, while sitting in vacation, to make the order and render the judgment made and rendered in the proceeding before him? Both the Constitution and the statute authorize district courts and the judges thereof to issue writs of mandamus, and it was decided by the Supreme Court in Thorne v. Moore, 101 Tex. 205, 105 S. W. 985, that the statute referred to confers upon district judges, in cases where the facts are undisputed, the power to issue writs of mandamus in vacation. In that case, the facts upon which the district judge had issued the writ of mandamus were undisputed, and therefore the Supreme Court held that he had jurisdiction to issue that writ. The facts did not require, and the court did not decide, what would have been the result as to the jurisdiction of the trial judge, if there had been any controversy as to the material facts.

[4-6] In the proceeding before this court, the record shows that the respondents in the case disposed of by Judge Munroe had filed an answer, alleging facts which, if true, should have defeated Mr. Gaffney's right to examine the books of the corporation. In other words, we hold that if Mr. Gaffney was not a stockholder, or if he sought to examine the books of the corporation, not for the purpose of protecting his own rights as a stockholder, but for the purpose of obtaining information to be used by him in furtherance of a

scheme to defraud stockholders and wreck the corporation, then and in that event he was not entitled to the aid of a court of equity to enable him to accomplish that result, although it is provided by statute that a stockholder shall have the right to examine the books of the corporation. So in this case, as the pleadings raised issues of fact material to the rights of the parties, and as the insurance company and its officers demanded a jury trial, it becomes necessary to decide whether or not they were entitled to such trial; and, if so, whether or not that fact, and the fact that no method has been prescribed by law for obtaining juries and testimony for the trial of issues of fact before a judge in vacation, deprived Judge Munroe of jurisdiction and authority to render the judgment and make the order here complained of; and we have reached the conclusion that both of these questions must be decided in favor of the relators in this case. And we also conclude that relators are entitled at the hands of this court to the relief here sought, and the reasons for such conclusions will now be stated.

There is a marked and radical distinction between a common-law writ of mandamus and the writ designated by the same name in the judicial procedure in this state. That distinction is clearly pointed out in the case of Griffin v. Wakelee, 42 Tex. 515, where the court said:

"At common law a proceeding by mandamus did not partake of the nature of a suit between parties, but the relief sought was granted immediately by and through means of the writ itself. It was not in the nature of a judicial writ requiring a defendant to appear and plead. It was a direct and immediate command to the party to immediately fulfill the requirement of the writ, or show, by a return to it, cause why he had not done so. This return, whether true or false, could not be gainsaid or questioned. If sufficient cause to refuse the demand was shown in the return, the writ was discharged, if not, it was made absolute, and immediate obedience to it required under pain of attachment. Prior to the statute of Ann, no issue of fact could be made upon the return. If false, the remedy was not to be had by mandamus, or a judicial proceeding inaugurated by it, but by an action against the respondent for a false return to the writ.

"That the writ of mandamus which may be awarded by the district court under our statute is essentially different in almost every particular is too obvious for comment. The relief sought to be effected through its aid is asked, as in any other case, by a petition alleging the facts by virtue of which it is claimed, with a prayer for such judgment as the facts warrant. The defendant is served and required to answer as in any other suit, and the case proceeds to trial and judgment as any other action, and there is no distinguishable difference in principle in the course of proceeding and result attained in it and any other suit in the district court. When the judgment is rendered by the court, unless superseded or suspended by writ of error or appeal, it is carried into effect by the appropriate writ for this purpose, termed in the statute a writ of mandamus, from analogy, no doubt, drawn from the nature of the matters complained of in the petition, to cases in which relief is granted by this writ at common law. Plainly, then, unless we discard principles, and are

controlled merely by names, it must be treated and regarded as a judicial writ, based upon and issuing by virtue of, and to carry into effect, a judgment of the district court. And so it has been in effect held by the Supreme Court of the United States."

From the cases cited, and from others to the same effect, we conclude that the proceeding pending before Judge Munroe, and which was decided and disposed of by him in vacation, was a civil suit; and, inasmuch as he decided the entire case, and awarded the relator Gaffney all the relief he sought, such action upon his part constituted a denial of the right of trial by jury, and violated those provisions of the Constitution which guarantee and protect that right, unless it can properly be held that the provision of the Constitution which confers upon a district judge the power to issue writs of mandamus in vacation is a limitation upon that provision of the Bill of Rights which declares that the right of trial by jury shall remain inviolate, and section 10 of article 5 of our Constitution, which provides that, upon timely demand, and the payment of a jury fee, either party to a case shall be entitled to a jury trial. We are of opinion that these constitutional guaranties should not be construed as subordinate to and limited by the section of the Constitution which confers jurisdiction upon district judges while sitting in chambers. Since the days of Magna Charta the Anglo-Saxon race has cherished and attempted to safeguard the right of trial by jury; and, while it has properly been held that our constitutional provisions upon that subject do not enlarge the right of a trial by jury beyond its scope as known to the common law at the time the Constitution was adopted, still we are clearly of the opinion that such constitutional guaranties apply to and include the case upon which Judge Munroe was called upon to act; and we are equally well convinced that the provision of the Constitution conferring jurisdiction upon courts and judges was not intended by the framers of that instrument, and the people who adopted it, as a restriction or limitation upon the other provisions securing and protecting the right of trial by jury. On the contrary, keeping in view the fact that the right of trial by jury is incorporated in two separate articles of the Constitution, one of which is the Bill of Rights, which should be construed as paramount to all of the subsequent provisions of the Constitution, and bearing in mind the declaration therein that the right of trial by jury shall remain inviolate, if conflict exists between that and the other section relating to the right of trial by jury on the one hand and the section conferring vacation jurisdiction upon district judges on the other hand, we are clearly of the opinion that the former should control and the latter yield. However, as pointed out by Mr. Justice Williams in Thorne v. Moore, supra, there is no necessary conflict between the

several provisions of the Constitution referred to. In the first place, the section conferring jurisdiction upon judges can be given effect when the facts are undisputed; and, in the second place, if the legislative department of the government desires to have the jurisdiction referred to apply to cases where the facts are in dispute, that department has the power, which it has not so far exercised, to make proper provision for a jury trial in vacation. But as it has made no such provision, and as the respondents in the case then before Judge Munroe had the right to have a jury trial upon the contested issues of fact, we feel compelled to hold that, when they filed their answer raising such issues of fact and demanded a jury trial, the judge had no jurisdiction to proceed with the trial of the case in vacation, and that his action in so doing, and in rendering a judgment or making an order which, if executed, will award to the relator in that case all the relief he sought, renders it manifest that, unless prevented from so doing by some superior authority, he will cause the judgment he has already rendered in vacation to be executed and will not proceed with the trial of the case at the next session or at any other session of the court in which the suit was filed. Unless he is prevented from executing the judgment which he has already rendered, it would be folly to suppose that he would proceed with the trial of the case when his court meets. In fact, there would be nothing then to try. The plaintiff has already obtained a judgment awarding him all the relief he desires, and, if that is not set aside, nothing would be left for either court or jury to decide.

In support of our view that the insurance company and its officers were entitled to a trial by jury, we refer to Teat v. McGaughey, 85 Tex. 478, 22 S. W. 302; De Poyster v. Baker, 89 Tex. 155, 34 S. W. 106; and Ex parte Allison, 99 Tex. 455, 90 S. W. 870, 2 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 652. In the first two cases just cited, the Supreme Court was construing a statute which authorizes that court to issue writs of mandamus against the heads of the various departments of the state government, except the Governor, and also against district judges. In those cases, the complaining litigants sought writs of mandamus against the Commissioner of the General Land Office; and, in assigning reasons why that court had no power to issue such writs when the pleadings put in issue a material question of fact, the court mentioned the fact that no provision had been made by which that court could organize a jury for the trial of disputed questions of fact. In Teat v. McGaughey, the court said:

"But we are clearly of the opinion that it was intended neither by the recent amendments to the Constitution, nor by the statutes which have been passed in pursuance thereof, to confer jurisdiction upon this court to try a case on mandamus in which the act which is sought to be compelled may involve the determination of a doubtful question of fact. The machinery of the court is not adapted to the trial of such a cause. *The Bill of Rights secures the right of trial by jury, and, while the people doubtless could amend the Constitution so as to modify or limit the right, we do not think any modification was intended by the provision in the late amendments which authorized the Legislature to confer jurisdiction upon this court to issue the writ of mandamus in certain specified cases. We think it was not intended that we should exercise that jurisdiction in any case, unless the officer was under a clear legal obligation to do the act, and the right to have it performed was not dependent upon the determination of any doubtful question of fact.*" (The italics are ours.)

In De Poyster v. Baker, supra, the court used this language:

"The Constitution, as amended in 1891, authorizes the Legislature to confer original jurisdiction on the Supreme Court to issue writs of mandamus in such cases as may be specified, except as against the Governor of the State. Article 946, Rev. Stats., reads thus: 'The Supreme Court, or any justice thereof, shall have power to issue writs of habeas corpus as may be prescribed by law; and the said court, or the justices thereof, may issue writs of mandamus, procedendo, certiorari, and all writs necessary to enforce the jurisdiction of said court; and in term time or vacation may issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State.' This court is not provided with the means of ascertaining the facts in any controversy. It has none of the powers conferred by law upon the district court to take depositions, issue subpœnas, writs of attachment, or other process necessary to the trial of issues of fact; *and in this court the right of trial by jury, which is secured by the Constitution to every person demanding it, could not be accorded.* We therefore conclude that it was not the intention of the framers of the Constitution, or the Legislature, to empower this court to issue writs of mandamus, except where the facts were undisputed and the right clear and unquestioned."

In the Allison Case, a statutory proceeding had been instituted, and upon final trial a a perpetual injunction had been obtained against Allison restraining him from the use of certain premises for the purposes of gaming or keeping and exhibiting games prohibited by law. Allison violated the writ of injunction, and in a contempt proceeding he was fined $100, and upon failure to pay the fine was placed in the custody of the sheriff of the county; whereupon he sued out a writ of habeas corpus in the Supreme Court, and in the course of its opinion that court said:

"It is also insisted on behalf of the relator that the Legislature has no power to confer upon the courts the authority to enjoin the commission of crime or the establishment or continuance of a public nuisance. The Legislature, when not restrained by the Constitution of the state or of that of the United States, has the power to make the law and to provide remedies for its enforcement. We find no express provision in either of these instruments which prohibits the lawmaking power from either extending or abridging equitable remedies. The main argument against the power the Legislature has attempted to exercise by the passage of the act in question is that it deprives the defendant in the action of the right of trial by jury, and therefore violates the provision of our Bill of Rights, which declares that 'the right of trial by jury·

shall remain inviolate.' This may present a serious difficulty in those jurisdictions in which, as at common law, legal and equitable remedies were kept distinct and administered in separate courts. In courts of law the parties are entitled to have the issues of fact determined by a jury, which is not the case in a court of equity. Hence it might be that in such jurisdictions a statute which attempted to confer upon a court of equity the power to try a cause which was previously cognizable in a court of law would be held obnoxious to the objection that it deprived the parties of the right of trial by jury. But under our system, in which law and equity are blended, and the right of trial by jury exists, whether the remedy be legal or equitable, the difficulty vanishes. *Before the injunction could be made perpetual under the statute in question, it is the right of the defendant to have the jury pass upon the facts."*

We have italicized the portion of that excerpt which is pertinent to the question now under consideration.

In all three of those cases, two of which were mandamus suits, the Supreme Court made the distinct declaration that, upon the controverted issues of fact material to the rights of the parties, the litigants had the right of trial by jury; and in the first case it was distinctly held that the provision of the Bill of Rights securing the right of trial by jury was not modified by the subsequent amendment of the Constitution, and the act of the Legislature in pursuance thereof, conferring jurisdiction upon the Supreme Court to issue the writ of mandamus. If that provision of the Bill of Rights was not affected by the subsequent provision of the Constitution and statute conferring jurisdiction upon the Supreme Court to issue writs of mandamus, we think it must also be held that the provision of the Constitution conferring vacation jurisdiction upon district judges was not intended to in any wise limit the right of trial by jury.

[7] This brings us, then, to this question: When a case is pending in which a party has the right to a jury trial, and he demands such right, and objects to a trial in vacation, and the judge overrules such demand and objection and proceeds to make an order, the result of which, if complied with, will render it impossible for the case to be tried and the rights of the parties litigated when the court meets, is such action upon the part of the judge tantamount to the refusal to proceed with the trial of the case, and has this court the power, either express or implied, to compel him to undo what he has done by setting aside and canceling the order which would have the result referred to, and in addition thereto compel him when his court meets to proceed with the trial of the case? After earnest and careful consideration, we have reached the conclusion that the article of the statute which confers the power upon this court to issue a writ of mandamus compelling a judge to proceed with the trial of a cause also confers the authority upon us to require him to remove any obstacle which he has placed in the way of, and which, if not removed, will prevent such

trial. When a judge, acting in vacation and without authority of law, tries a case upon its merits and renders a judgment or makes an order which, if not rescinded, will result in the plaintiff's obtaining, before the court meets, all the relief he sought, such action by the judge may well be regarded as equivalent to an express declaration that he will not try the case when the court meets. Schintz v. Morris, 13 Tex. Civ. App. 580, 35 S. W. 520, 825, 36 S. W. 292. And we think it must also be held that the statute, which expressly confers upon this court power to compel a district judge to try a case in open court, confers upon us, by implication, a similar power to restrain him from doing anything in vacation which would prevent a trial in term time.

At the common law, an application for a writ of mandamus was not treated as an ordinary civil action, and could be heard and disposed of by the judge at any time, and as to that proceeding the right of trial by jury and the right of appeal did not exist. But in our practice the name "mandamus" has been applied to a civil suit in which the parties are entitled, whenever the facts are contested, to a trial in open court, as in other civil suits; and we apprehend that the learned judge, who it seems was called upon to deal with this matter while he was holding court in another county, failed to have this distinction in mind, when he held that the respondents in the case before him were not entitled to a jury trial, and proceeded with the trial of that case in vacation. In that holding we are clearly convinced he fell into error, which led to results which this court feels compelled to relieve against by granting the writ of mandamus; but, as we are satisfied that he acted in the utmost good faith, no costs will be taxed against him, and the costs of this proceeding will be taxed against the relators.

Accordingly, a writ of mandamus will be issued by this court requiring the respondent to cancel and set aside the judgment or order entered by him in vacation granting a writ of mandamus against these relators; and to make such other orders as may be necessary to prevent the enforcement of that writ; and also, when the court of which he is the judge meets in McLennan county, to proceed with the trial of the case in which he granted the writ of mandamus referred to.

Writ of mandamus granted.

### On Motion for Rehearing.

This motion has received due consideration, and our conclusion is that it shows no grounds for changing the views announced in our former opinion.

We concede that certain mandamus proceedings may be instituted in which the right of trial by a jury does not exist. For instance, a mandamus proceeding against a district judge to require him to proceed with

the trial of a case, or in any other ancillary proceeding in which a writ of mandamus is sought, but in which the merits of the case are not involved, the right of trial by jury may not exist. In such a proceeding, it may be proper, with reference to the right of trial by jury, to apply the same rule that applies in reference to an application for a preliminary writ of injunction or temporary restraining order. But when the proceeding is not ancillary to a pending or contemplated suit, and the only relief sought is a judgment or writ requiring the adverse party to do or refrain from doing a particular thing, a trial judge has no power in vacation to try the case and award the complaining litigant all the relief sought. And in such a case, whenever timely demand therefor is made, and a jury fee paid, the party so doing has the right to have a jury pass upon the contested issues of fact.

Motion overruled.