## McPHAIL v. SCARBOROUGH, District Judge. (No. 805.)

Court of Civil Appeals of Texas. Waco.
March 21, 1929.

Rehearing Denied May 2, 1929.

Richard & A. P. Mays and L. J. Woods, all of Corsicana, for relator.

Hawkins Scarborough and W. A. Tarver, both of Corsicana, for respondent.

STANFORD, J. This is an original application for a writ of mandamus against the respondent to compel him to proceed to trial and final judgment in a suit pending on the jury docket of the district court of Navarro county, said cause being Audie Lee McPhail v. F. P. McElwrath et al., No. 15356, on the docket of said court. As appears from the pleadings, duly verified, of both relator and respondent, there is practically no controversy about the facts, which are briefly as follows: William McPhail and Audie Lee McPhail were formerly husband and wife, and lived in Corsicana, Tex., and had one child, Mozelle McPhail. Several years before said cause No. 15356 was filed, a divorce was granted Audie Lee McPhail against her husband, William McPhail, and awarding her the care and custody of Mozelle, their infant daughter, by the district court of Navarro county. After said divorce was granted Audie Lee McPhail and infant daughter continued to live in Corsicana, Tex., and William McPhail went to Houston, where he still lives. On or about April 30, 1927, said daughter, Mozelle McPhail, was run over on one of the streets in Corsicana and killed by a truck being operated by an employé of F. P. McElwrath. On June 6, 1927, Audie Lee McPhail as a feme sole brought suit against F. P. McElwrath to recover damages for the alleged negligent killing of her daughter Mozelle, who was then about eight years old. On July 4, 1927, defendant, F. P. McElwrath, filed his formal answer. On July 5, 1927, plaintiff Audie Lee McPhail demanded a jury and paid the jury fee. On October 25, 1927, defendant McElwrath filed his amended answer, containing a plea in abatement, alleging that Will McPhail was a necessary party to said suit, and prayed that said suit be abated because of nonjoinder of parties. The court sustained said plea in abatement. Whereupon said cause was continued that plaintiff might make the said Will McPhail a party to said suit. Audie Lee McPhail did file her second amended petition, making Will McPhail a party; the part of said petition referring to Will McPhail being as follows: * * * "Mrs. Audie Lee McPhail, a feme sole, hereinafter called plaintiff, and with leave of the court first had and obtained, files this her second amended original petition in lieu of her first amended original petition filed in this court on the 17th day of October, 1927, and complains of F. P. McElwrath, and of William McPhail, herein called' defendants, and respectfully represents that plaintiff is a resident citizen of Navarro County, Texas, and that the defendant F. P. McElwrath is a resident citizen of Navarro county, Texas, and that the defendant William McPhail is a resident of Harris county, Texas, where service may be had upon him."

Paragraph 5 of said petition, the only other reference to Will McPhail, is as follows: "Plaintiff alleges that the defendant William McPhail was formerly the husband of this plaintiff, but that she has been divorced from the said defendant by judgment of this Honorable Court. Plaintiff shows that the said William McPhail is the father of the said Mozelle McPhail, for whose negligent killing this suit is brought, and the said William McPhail has refused, and still refuses to join plaintiff herein, although the said

William McPhail is a necessary party to said suit. Wherefore he is made a party hereto for all necessary purposes, so that such rights, if any, he may have, may be finally adjudicated and disposed of."

The remainder of this pleading only sets out the plaintiff's cause of action. Citation was issued and served upon William McPhail, but he never at any time appeared by any kind of pleading, nor in person, nor otherwise. On June 4, 1928, a rule for costs was entered and granted to require plaintiff Audie Lee McPhail to make a bond to secure costs. On January 18, 1929, on which date the case was set for trial, plaintiff filed her affidavit in due form in lieu of a cost bond. On the same day a contest was filed and heard by the court, which the court overruled, holding plaintiff was entitled to prosecute the suit on said affidavit in lieu of a bond. In the meantime, one of Audie Lee McPhail's attorneys, without any authority from Will McPhail or any one else had in the beginning of her second amended petition, referred to above, and following the name of Audie Lee McPhail, by interlineation inserted the name of "Will McPhail." No other change was made. After the court had overruled the contest of plaintiff's affidavit in lieu of bond, and at the same time, the defendant called the attention of the court to the fact that, by interlineation, Will McPhail had become a plaintiff, and should therefore be required to give bond for costs. While this question was being discussed, the court agreeing that Will McPhail, being a plaintiff, should be required to satisfy the rule for costs before Audie Lee McPhail would be permitted to try her case, plaintiff's attorney obtained permission of the court to, and did, strike the name of Will McPhail, as a plaintiff, from said petition, but the court took the position that Will McPhail was, in effect, a plaintiff, and that plaintiff Audie Lee McPhail would not be permitted to try her case unless and until there was filed by Will McPhail a cost bond, pauper's affidavit, or a disclaimer. Neither relator nor her attorneys had any authority over, or right to represent, Will McPhail, and, thus being unable to comply with the ruling of the court as to Will McPhail, they asked and obtained a continuance to the April term of court.

On the granting of the divorce in favor of Audie Lee McPhail against her husband, Will McPhail, they both became single persons, and, while their cause of action for the death of their daughter may be said to be joint in the sense they could have joined in one suit, their recovery, if any, could not be joint, but would necessarily be separate and distinct, in that each parent would be entitled to recover, if at all, only the amount the court or jury trying the case found the child, had she lived, would have contributed to such parent. However, we do not find it necessary to decide whether Will McPhail was a necessary party to said suit. The record is clear that Will McPhail was made a party defendant by relator in response to a plea in abatement filed by the defendant McElwrath and sustained by respondent. He was duly cited to appear, but failed and refused to appear or to file any kind of pleading. In this condition of the record, respondent had jurisdiction over Will McPhail to render judgment by default against him, foreclosing any possible cause of action on his part against defendant McElwrath, and we think it was the duty of said defendant, in pursuance of his desire to be protected from a possible second suit by Will McPhail, to ask for such judgment. But regardless of the fact that a judgment by default could have been rendered against Will McPhail, and of whose duty it was to ask for such judgment, the fact remains that relator, at the instance of the defendant, and in response to the ruling of respondent, had made him a party defendant to said suit, and, although duly cited to appear, he made default, filed no pleading seeking affirmative relief or any kind of relief. The above being true, respondent had no right to require Will McPhail to satisfy the rule for costs, and had no right to make the trial of relator's case dependent upon Will McPhail's satisfying the rule for costs, or his filing a disclaimer. Relator had fully complied with the rule for costs entered against her, and she had the right to have her case tried. Clearly, we think, it was the duty of respondent, when relator announced ready on January 18, 1929, to proceed to trial and judgment in her case, regardless of the rule for costs entered against Will McPhail. It is true this court has no authority by mandamus to interfere with or control the discretion of the trial court in the manner of trial or the character of judgment he will render, but this court does have the right, and it is our duty by mandamus, to require respondent to proceed to trial and judgment in a case, as here, where it is clearly his duty to so do. Articles 1823 and 1824, Revised Civil Statutes 1925; Kleiber v. McManus, 66 Tex. 48, 17 S. W. 249; Burgemeister v. Anderson, Dist. Judge, 113 Tex. 495, 259 S. W. 1078; Cox v. Hightower, Dist. Judge, 19 Tex. Civ. App. 536, 47 S. W. 1048; Cooney v. Isaacks et al. (Tex. Civ. App.) 173 S. W. 901 (par. 7); Montfort v. Daviss, Dist. Judge (Tex. Civ. App.) 218 S. W. 806; Roberts v. Munroe, District Judge (Tex. Civ. App.) 193 S. W. 734; Levy v. Gill, Dist. Judge (Tex. Civ. App.) 46 S. W. 84.

As the case, on January 18, 1929, was continued to the April term of said court, we might presume that, when the case is then called, the respondent will proceed to try same regardless of whether the rule for costs against Will McPhail is satisfied; but in the state of this record, we do not think such presumption could be indulged. The record discloses the case was set for trial January 18, 1929, on which date relator announced

ready and insisted on a trial. Respondent took the position, in effect, that Will McPhail was a plaintiff in said cause, although brought in as a defendant and he had filed no pleading, and that he could not try relator's case until the rule for costs against Will McPhail was satisfied. This holding by respondent resulted necessarily in the continuance. In both the answer and supplemental answer filed herein on March 4th and 7th respondent contends, in effect, he was correct in his holdings as stated on January 18, 1929, and that as to whether Will McPhail should be required to comply with the rule for costs before relator was entitled to have her case tried was a matter addressed to the discretion of respondent, not controllable by mandamus. Respondent does say, in effect, he expects to set the case for trial at the April term and try it if the record is in condition for it to be tried. We infer from this, if the rule for costs against Will McPhail has been satisfied, then respondent will proceed to trial, but, if the rule for costs against Will McPhail has not been satisfied, at that time respondent will again refuse to try relator's case, and probably dismiss her case.

We think the relator is entitled to the writ of mandamus against respondent, commanding respondent to proceed to trial and judgment in relator's case against F. P. McElwrath, and it is so ordered.