**Robert B. HULICK, Movant and Relator,**

v.

**Honorable Raymond R. MORMINO, Respondent.**

**No. 4780.**

Court of Civil Appeals of Texas.

Waco.

Dec. 27, 1968.

Frank M. Fitzpatrick, Jr., Waco, for movant and relator.

Raymond R. Mormino, pro se.

## OPINION

McDONALD, Chief Justice.

This is an original proceeding seeking a mandamus. Relator Hulick alleged that on November 7, 1968 he filed with Respondent Mormino, County Judge of McLennan County, his petition for re-examination for mental illness and restoration of mental competency; that he tendered Cashier's Check for court cost deposit and for jury fee; that respondent refused to file and docket such petition. Relator prays that respondent be compelled by mandamus to file and docket his petition for restoration, and to thereafter proceed to trial with a jury in the manner required by Article 5547–82 Vernon's Ann.Tex.St. Relator's petition did not allege the date of his commitment.

Respondent, in the hearing before this court, stated that he would file and docket relator's petition, but asserts that Section (g) Article 5547–82, VATS[1] is jurisdictional, and that he is not required to set such matter for trial unless relator in his petition alleges the date of his commitment, and same is not less than 1 year prior to the filing of relator's petition. Relator asserts such statute is defensive in nature, and its application discretionary with the County Judge.

Power is conferred on this court by Article 1824 VATS to issue writs of mandamus in proper cases to compel judges of District and County Courts to proceed to trial and judgment in designated cases.

Petitioners in restoration proceedings are entitled to trial by jury. Swinford v. Logue, Tex.Civ.App., 313 S.W.2d 547, W/E Dism'd., Mand. overruled.

Respondent stated in open court he was in possession of copies of the Veterans Hospital file on relator; that same contained a copy of relator's commitment; and date of same was more than 1 year prior to the filing of the instant proceeding.

Under the foregoing record there is a ministerial duty involving no discretion on the part of respondent to set relator's petition for trial. Respondent will undoubtedly file, docket and set relator's case for jury trial, and give the hospital in which relator is confined, the notice required by

1. Art. 5547–82 * * * (g) When the Petition for Reexamination and Hearing is filed before the expiration of one (1) year after the Order of Indefinite Commitment or before the expiration of two (2) years after the filing of a similar Petition, the county judge is not required to order such re-examination and hearing.

Section (f) Article 5547–82. If such is done within 10 days no writ will issue; otherwise writ of mandamus will issue.

■ Since respondent acted in a judicial capacity, no costs will be taxed against him. Kleiber v. McManus, 66 Tex. 48, 17 S.W. 249; Browning-Ferris Mch. Co. v. Thomson, Tex.Civ.App. (n. w. h.) 55 S.W. 2d 168; Citizens State Bank of Frost v. Miller, County Judge, Tex.Civ.App. (n. w. h.) 115 S.W.2d 1183.

Writ of Mandamus conditionally granted.