### FRANCES W. COX v. L. B. HIGHTOWER.

Decided November 17, 1898.

#### 1. Appeal—Pauper's Proof in Lieu of Bond.

Where the appellant is unable to pay the costs of appeal or give security therefor, he may make proof of such inability before the district court that tried the case, even after the term of court at which the judgment was rendered. Article 1401, Revised Statutes, construed.

**2. Mandamus—Pauper's Proof in Lieu of Appeal Bond.**

Mandamus will lie to compel a district judge to hear and determine the proof upon the application of a party for a writ of error in forma pauperis to bring up a judgment of the district court before the appellate court for review.

ORIGINAL APPLICATION for writ of mandamus.

*F. Campbell,* for complainant.

*Baker, Botts, Baker & Lovett,* for respondent.

GARRETT, CHIEF JUSTICE.—The complainant, Frances W. Cox, a resident of Polk County, was the plaintiff in a suit in the District Court of that county entitled No. 2233, Frances W. Cox v. The Houston East & West Texas Railway Company, which on the 8th day of December, 1897, was tried in that court and resulted in a judgment for the defendant. During the next term of the District Court after the one at which the judgment was rendered, the complainant, on June 6, 1898, made an application to the district clerk for a writ of error to bring the judgment of the court in the case of Cox v. Houston East & West Texas Railway Company before this court for review. She filed with her application her affidavit of the same date stating her inability to pay the costs, which was in proper form, and asked that in case of contest the issue be tried by the District Court. A contest was filed by the defendant company and the district clerk. When the matter was called for trial the court dismissed the application, because the court was of the opinion that he had no jurisdiction to hear and determine the issue after the term of the court at which the judgment was rendered had elapsed. The statute requires the appellant, or plaintiff in error, to make strict proof of his inability to pay the costs, or any part thereof, such proof to be made before the county judge of the county where such party resides, or before the court trying the case, which shall consist of the affidavit of the party stating his inability to pay the costs, unless contested, and in that event it is "the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and determine the right of the party" to his appeal. Rev. Stats., art. 1401. This statute has received construction in a number of cases, but none of them has determined the question here involved. In Graves v. Horn, 89 Texas, 77, it was held that the affidavit must be presented to the judge on the bench, and that an affidavit before the clerk was not sufficient. The action of the court is to be invoked. "The court trying the case, if in session," must hear and determine the right of the party. There is no language in the statute limiting the power of the court trying the case to the session at which the case was tried, nor can there be any reason for such a limitation. The statute gives the right to sue out a writ of error in forma pauperis as well as an appeal. A writ of error could possibly be applied for during the term of court at which the judgment was rendered, but

such a thing is so rare in practice that it may be said that it was not in the legislative mind when the provision for writ of error in forma pauperis was made, but that the statute has a general and practical application. There being only two terms of the district court a year, in order to facilitate the right of appeal and writ of error, proof of inability to pay costs was authorized to be made before the county judge who is constantly in his county and easily accessible when the district court is not in session. It was not the intention of the Legislature to vex the district judge with such questions while engaged in holding court in some other county. A proper construction of the statute requires the district judge sitting as a court to hear and determine the application, if the court of which he is the presiding judge and in which the judgment was rendered is in session, though it may be at a subsequent term of the court. Although the complainant had another forum in which the question might be tried, the district judge may not refuse to try it when properly brought before him, and that fact can not defeat the right of the complainant to a mandamus; non constat that the county judge might hold that he had no right to pass on the matter while the district court was in session.

It is said by counsel for the respondent that this court has no power to issue a writ of mandamus to the district judge requiring him to hear and determine the question of the inability of the complainant to pay the costs, because the judge in declining to hear the matter sat as a court and exercised a judicial discretion in determining that he was without jurisdiction to do so.

A judge may be directed by mandamus to proceed to the trial of a case, but his judgment can not be controlled. In the case of Ewing v. Cohen, 63 Texas, 482, cited by counsel, the writ was denied because it was sought to revise the action of the county judge in dismissing an appeal because of an insufficient appeal bond; a clear case where the writ would not lie. See also State v. Morris, 86 Texas, 226. The application now before the court presents a case like that of Schulze v. McLeary, 73 Texas, 92. The writ in that case was ordered without question. Special Judge McLeary, in holding that the regular Judge Noonan was not disqualified and refusing for that reason to try the case, might be said in a sense to have exercised a judicial discretion, but he was required to try the case. Other questions sought to be raised do not properly come up for decision, for to pass upon them would be to direct the district judge how they should be decided.

It is the opinion of the court that it was the duty of Judge Hightower to hear and determine the proof upon the application of the complainant and the contest thereof, and the writ of mandamus will issue as prayed for.

*Writ of mandamus granted.*