EMMA HEDDA BURGEMEISTER, RELATOR, v. WM. S. ANDERSON, JUDGE, 37TH JUDICIAL DISTRICT, RESPONDENT.

No. 3109.  Decided March 19, 1924.

(259 S. W., 1078.).

1.—Mandamus—Answer of Respondent.

An answer of respondent to a verified petition for mandamus which interposes only a general denial without verification can be given no effect,

and the case must be disposed of as though the averments of relator's peti-
tion were admitted to be true. May v. Finley, 91 Texas, 354, followed. (P.
497).

### 2.—Bail Bond—Forfeiture—Judgment Nisi—Jurisdiction.

By a judgment nisi on forfeiture of a bail bond the court entering same
acquires jurisdiction to adjudicate the matter of enforcing the principal's
obligation to the State as well as that of the sureties; and on the appearance
by the principal, who is a party to the judgment and entitled to show cause,
but against whom no citation is necessary, and his tender of issues excusing
his failure to appear, the statutes entitle him to a hearing and determination
as to whether the judgment nisi shall be vacated in whole or in part, or
shall be made final. (P. 498).

### 3.—Same—Citation of Sureties.

It is not the business of the principal in a forfeited bail bond to cause
citation to issue against the sureties, but that of the clerk, which the court
should cause him to perform (C. C. P., art. 490.). Failure to issue citation
to the sureties would warrant a continuance of the hearing on the issues
tendered by the principal, but could not deprive him of his right to an ad-
judication. A refusal of the court to take jurisdiction over issues so pre-
sented was a denial of such right, and mandamus was the only remedy to
enforce it. (Pp. 498, 499).

### 4.—Forfeited Bond—Voluntary Appearance.

The averment by a defendant whose bond had been forfeited, before
judgment *nisi* had been made final, that she had voluntarily appeared, stood
trial and been acquitted, gave the court authority, under art. 503, C. C. P.,
to remit the whole or part of the forfeiture, and this, among other allega-
tions, presented an issue of which the court had jurisdiction and which it
could be required by mandamus to dispose of. (Pp. 498, 499).

### 5.—Mandamus—Powers of Supreme Court—Refusal to Exercise Jurisdiction.

Though the Supreme Court can not, on application for mandamus, re-
vise an erroneous decision of a trial court, it is authorized by art. 1528, Rev.
Stats., to require that court to act on an issue properly brought before it,
there being no appeal from its refusal nor other remedy for the wrong done
thereby. Aycock v. Clark, 94 Texas, 377, and other cases followed. (P. 499).

Original application to the Supreme Court by Emma H. Burge-
meister for writ of mandamus against Andrews as District Judge.

*T. M. Campbell* and *Chambers & Watson,* for relator.

Mandamus lies in cases where the inferior court refused to take
jurisdiction, where by law it ought to so do, and will compel trial
court to exercise its judicial functions. Art. 1528, Revised Civil Stat-
utes of Texas; Ex Parte Parker, 120 U. S., 737, 7 Sup. Ct., 767;
Brown v. Mining Co. (Mich.), 63 N. W., 1001; In Re Pennsylvania
Co., 137 U. S., 451, 11 Sup. Ct., 141; Ex Parte Schollenberg, 96 U.
S., 374; Beghul v. Swan, 39 Cal., 411; State v. Laughlin, 75 Mo.,
359; Ex Parte Lowe, 20 Ala., 330; Schonhoff v. O'Bryan (Mo.),
14 S. W., 933; Arberry v. Beavers, 6 Texas, 457; Lloyd v. Brinck,
35 Texas, 6; Schintz v. Morris, 35 S. W., 516; Code, Crim. Proc.,
Arts. 477, 478, 485, 486.

Where pleadings are sworn to and uncontradicted, and no answer made, and mandamus lies, court can compel trial court to enter proper judgment, as said pleadings or petition will be considered as true and correct.

Where judgment nisi on bail bond, has never been made final, defendant may file motion to set aside, and if good cause be shown, the court shall so order. Art. 502, Code Cr. Procedure; Thompson v. State, 17 S. W., 718; Cheatham v. State, 13 Crim. App., 32; Watkins v. State, 16 Crim. App., 646; Galindo v. State, 15 Crim. App., 319; Lindsey v. State, 18 Crim. App., 280; Thompson v. State, 17 Crim. App., 318; Abbott v. State, 78 S. W., 510; Nelson v. State, 73 S. W., 398; Baker v. State, 21 Crim. App., 359; Strey v. State, 27 S. W., 137; Brown v. State, 34 Texas, 147.

Must enter recognizance when court is in session. Art. 325, Cr. Procedure; Kiser v. State, 13 Crim. App., 201; Keppler v. State, 14 Crim. App., 173; Brown v. State, 11 S. W., 1022; Karkey v. State, 25 S. W., 423.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Being indicted for murder in the District Court of the 37th Judicial District of Texas, relator gave a bail bond with two sureties in the sum of $7500. On February 1, 1915, the bail bond was forfeited and judgment was entered that the State recover of relator and her sureties, the sum of $7500, and that the judgment be made final unless good cause why relator did not appear be shown at the next term of the court.

Relator filed a motion in said court to set aside the judgment nisi on various grounds, one of which was that relator had voluntarily appeared and stood her trial under the indictment, and that the trial had resulted in a verdict and judgment of "not guilty." The district judge refused to entertain the motion, and, on February 11, 1918, the court entered an order dismissing the motion for the reason that "the Court of its own motion refused to take jurisdiction thereof."

The facts appear from the averments of relator's petition, which is duly verified, and the exhibits attached thereto. Respondent interposes a general denial, without verification, to which absolutely no effect can be given in a mandamus suit. It therefore becomes our duty to dispose of the case as if the averments of relator's petition were admitted to be true. May, County Attorney, v. Finley, Comptroller, 91 Texas, 354, 43 S. W., 257.

The Code of Criminal Procedure particularizes each step in the collection of recognizances and bail bonds. First, is the entry after the principal's failure to appear on being called, of judgment nisi that the State recover of the defendant and of the sureties the amount for which they are bound, and that the judgment will be made final

113 Tex.—32.

unless good cause for the principal's failure to appear be shown at
the next term of the court. Art. 489 C. C. P. Second, is the citation
from the court notifying the sureties of the forfeiture and requiring
them to appear at the next term of court and show cause why the
judgment nisi should not be made final, it being declared unnecessary
to give notice to the principal. Art. 490 C. C. P. Third, is the docket-
ing of the case on the court's civil docket in the name of the State as
plaintiff and of *the principal and his sureties* as defendants. Art. 497
C. C. P. Fourth, is the entry of final judgment by default, which is
authorized only when *both* the sureties and the principal fail to an-
swer, after due citation to the sureties; or, the entry of final judgment
after a trial of the issues between the parties. Articles 502 and 501
C. C. P.

Articles 489, 490, 497 and 502 admit of no other construction than
that the principal is a party to the judgment nisi and all subsequent
proceedings, and is both required and entitled to show any good and
sufficient cause why the interlocutory judgment should not be made

By the judgment nisi the court acquires jurisdiction to adjudicate
the matter of enforcing the principal's obligation to the State, as
well as that of the sureties, and, on the principal's appearance and
tender of issues excusing his failure to appear at the time of forfei-
ture, the statutes entitle him to both a hearing and a determination
as to whether the judgment nisi shall be vacated in whole or in part
or shall be made final.

It is not the principal's duty to cause citation to issue against the
sureties, but it is the plain, ministerial duty of the clerk, which the
court should require him to perform, to issue citations for service on
the sureties. Failure to issue citations would warrant a continuance
of a hearing for the determination of issues tendered by the prin-
cipal as to whether the judgment nisi be made final but it could not
deprive the defendant of his ultimate right, on service of citation on
the sureties, to an adjudication of the issues tendered by him.

Article 503 of the Code granted statutory authority to the court to
remit the whole or part of the sum specified in the bail bond upon
proof of the averment in relator's motion that she had appeared and
answered the indictment before the judgment nisi had been made final.
On these and the other averments of her motion she was entitled to
an adjudication from the court.

Should the court make the judgment final against relator and sure-
ties for more than $20.00, then article 960 of the Code provides that
relator and her sureties, or either of them, may appeal from the final
judgment and have reviewed the correctness of the action of the dis-
trict court on the issues tendered and the facts proven.

The court having, on its own motion, refused to hear and determine
the issues tendered by relator, in obedience to the court's express

command that she show cause why the judgment nisi be not made final, this case comes within the class where a court having acquired jurisdiction refuses to exercise it, to a party's injury, for which adequate relief can be afforded in no other way than through the award of a mandamus.

The Supreme Court of the United States said in the case of Hollon Parker, Petitioner, 131 U. S. 221, 226; 33 L. Ed., 123: "The right of mandamus lies, as held in Ex Parte Parker, 120 U. S., 737, where an inferior court refuses to take jurisdiction when by law it ought to do so, or where, having obtained jurisdiction, it refuses to proceed in its exercise. It does not lie to correct alleged errors in the exercise of its judicial discretion." Again, in Ex· Parte Russell, 13 Wallace, 664, 670, 20 L. Ed., 632, the court declared: "Where a court declines to hear a case or motion, alleging its own incompetency to do so, or that of the party to be heard, mandamus is the proper remedy. A writ of error or appeal does not ·lie; for what has the appellate court to review where the inferior court has not decided the case, but has refused to hear it?"

Among numerous decisions in line with the opinions quoted are: Rex v. Gloucestershire, 1 Barnewall & Adolphus English Common Law Reports, 374; Ex Parte Bradstreet, 7 Pet., 647; Railroad Company v. Wiswall, 23 Wallace, 508, 23 L. Ed., 103; Brown v. Kalamazoo Circuit Judge, 75 Mich., 274, 276, 13 Am. St. 438, 5 L. R. A., 226, 42 N. W., 827; Cox v. Hightower, 19 Tex. Civ. App., 536, 47 S. W., 1048; Kleiber v. McManus, 66 Texas, 48, 17 S. W., 249; Schultze v. McLeary, 73 Texas, 94, 11 S. W., 924; Aycock v. Clark, 94 Texas, 377, 378, 60 S. W., 665.

In the case last cited Chief Justice Gaines states the distinction between the power, distinctly affirmed, of the supreme court to compel a hearing and final determination by a trial court of a cause within the court's jurisdiction, and the supreme court's authority, emphatically disaffirmed, to review the erroneous exercise by a trial court of judicial discretion.

Indeed, article 1528 of the Revised Statutes expressly enjoins on the Supreme Court the duty to exercise the power to compel, by mandamus, a judge of the district court to proceed to trial and judgment.

It is ordered that the mandamus applied for by relator be granted, and, after service of the citations on the sureties which it is the ministerial duty of the district clerk to issue or on the appearance of the sureties, that the court proceed to hear and determine the issues joined or to be joined between the State and relator, or between the State and relator and her sureties, and to make final the judgment nisi or to vacate it and remit the amount of the bond in whole or in part, as the law and the facts may require.