NO. 07-10-0358-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2011

_____

CHARLES MARTIN BRYANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 14,621-A; HONORABLE DAN SCHAAP, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Charles Martin Bryant, an inmate proceeding *pro se* and *in forma pauperis*, appeals from the trial court's *Order Denying Motion to Reverse and Rescind Order to Pay Court Cost, Fees, and/or Fines* entered on January 28, 2011.[1]  By two

---

[1]Although this order is dated January 29, 2010, because the genesis of this controversy was the entry of a document entitled *Order to Withdraw Inmate Funds (Pursuant to TX. Gov't Code, Sec. 501.014(e),* entered on April 26, 2010, we find that the order the subject of this appeal was actually entered on January 28, 2011.  That finding is also consistent with the court clerk's filing stamp.

issues, Appellant maintains (1) the trial court was without plenary power and (2) the trial court's action denied him due process. We affirm.

## Procedural Background

On August 1, 2003, Appellant was convicted of two counts of indecency with a child[2] and sentenced to ten and twenty years confinement, respectively for each count. A $2,000 fine was also assessed. No appeal was filed. More than six years later, on April 26, 2010, without notice or hearing, the trial court signed and entered a document entitled *Order to Withdraw Inmate Funds (Pursuant to TX. Gov't Code, Sec. 501.014(e)).*[3] By this withdrawal notification, the trial court directed the Texas Department of Criminal Justice to withhold from Appellant's inmate account the sum of $2,533 for court costs, fines and fees. While the withdrawal notification provides that "court costs, fines and fees have been incurred as represented in the certified Bill of Cost[s]/Judgment attached hereto," the Certified Bill of Costs contained in the clerk's record was not generated until more than four months later on September 13, 2010. Furthermore, while the original judgment of conviction recites "the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for

---

[2]Appellant was convicted in Count I of indecency by exposure and in Count II of indecency by contact. Tex. Penal Code Ann. §§ 21.11(a)(2)(A) and 21.11(a)(1) (West Supp. 2010).

[3]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. The statute referenced by that document, section 501.014(e) of the Texas Government Code, describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court." *See* Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010). *See also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). Therefore, rather than refer to that document as an *order*, we prefer to use the statutory term "withdrawal notification" in order to avoid confusion with the underlying court order that actually is the subject of this appeal. For convenience, sections of the Texas Government Code will subsequently be cited as "section __" or "Section __".

which execution will issue," those costs were neither orally pronounced at sentencing nor specified in the written judgment.

On July 6, 2010, Appellant filed a *Motion to Reverse and Rescind Order to Pay Court Costs, Fees, and/or Fines* in the trial court. On September 10, 2010, prior to a ruling being issued on that motion, Appellant filed a *pro se* notice of appeal challenging the trial court's withdrawal notification. By order dated October 5, 2010, this Court found Appellant's notice of appeal to be premature because no final, appealable order had been entered. *See Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.). The appeal was abated to allow Appellant the opportunity to obtain an appealable order.

Then, by order dated January 28, 2011, the trial court denied Appellant's pending motion, resulting in an appealable order. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied). *See also Ramirez v. State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.) (holding that "[o]nly when [the withdrawal notification is] properly challenged and denied relief is there a trial court order that is final from which the inmate . . . can appeal"); *Jewell v. State*, No. 06-10-00114-CV, 2011 Tex. App. LEXIS 3256, at *1 (Tex.App.--Texarkana April 28, 2011, no pet. h.).

### Standard of Review

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse of discretion standard. *Williams*, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31

3

(Tex. 2010) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *Howell v. State*, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

## Analysis

## Issue One - Plenary Jurisdiction

By his first issue, Appellant challenges the trial court's plenary power to order withdrawals from his inmate account pursuant to section 501.014(e). Appellant reasons that because his criminal conviction was rendered in 2003, the trial court lacks jurisdictional authority to modify his judgment of conviction. Appellant, however, confuses the trial court's plenary jurisdiction to modify the judgments rendered in his criminal cases with the court's original jurisdiction to render a decision in a newly initiated civil proceeding. In *Harrell v. State*, the Texas Supreme Court held that proceedings under section 501.014(e) are civil proceedings, not part of the underlying criminal case. *Harrell v. State,* 286 S.W.3d 315, 316 (Tex. 2009). This Court has analogized the filing of a withdrawal notification to the filing of a civil proceeding for the forfeiture of a bond in a criminal case. *See Williams,* 332 S.W.3d at 696. In a bond forfeiture proceeding, a trial court acquires jurisdiction to adjudicate the matter of enforcing the principal's bond obligation to the state by the filing of a *judgment nisi. Burgemeister v. Anderson,* 113 Tex. 495, 259 S.W. 1078 (1924). Similarly, we find that a trial court acquires original jurisdiction to adjudicate disputes concerning the

4

withdrawal of funds from an inmate account by the filing of a withdrawal notification. Furthermore, Appellant invoked the jurisdiction of the trial court by the filing of his motion. Because the trial court had original subject matter jurisdiction to resolve Appellant's motion, his first issue is overruled.

## Issue Two - Due Process

By his second issue, Appellant questions whether he received due process. In *Harrell*, the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." 286 S.W.3d at 320. In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[4] he received everything that due process requires. *Id.* at 321. The Court added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.* This Court has interpreted *Harrell* as saying that due process is satisfied when an inmate has been given the opportunity to contest the dollar amount and statutory basis of a section 501.014(e) withdrawal by way of a motion to modify, correct or rescind the withdrawal notification. *See Bryant*, 2010 Tex. App. LEXIS 8059, at *4-5; *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.).

---

[4]The trial court denied Harrell's *Motion to Rescind*. *See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

The withdrawal notification at issue instructed the Texas Department of Criminal Justice to withdraw the sum of $2,533 from Appellant's inmate account. Of this sum, $2,000 was for the fine assessed as a part of Appellant's punishment and $533 was for court fees and costs. Appellant has not challenged the statutory basis of those fees and costs and we find that they are legislatively mandated. No assessment was made for court-appointed attorney's fees. Because legislatively mandated court fees and costs are not punitive in nature, they do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009). Furthermore, fines and legislatively mandated fees and costs are properly collectable by means of a withdrawal notification regardless of a defendant's ability to pay. *See Williams*, 332 S.W.3d at 700.

Because Appellant was been afforded the opportunity to contest the dollar amount and statutory basis of the section 501.014(e) withdrawal notification at issue, we find that he has been accorded adequate due process. Accordingly, we overrule his second issue.

### Conclusion

The trial court's *Order Denying Motion to Reverse and Rescind Order to Pay Court Cost, Fees, and/or Fines* is affirmed.

Patrick A. Pirtle
Justice