NO. 07-10-0358-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JUNE 3, 2011

 

______________________________

 

 

CHARLES MARTIN BRYANT, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 14,621-A; HONORABLE DAN SCHAAP, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant,
Charles Martin Bryant, an inmate proceeding pro
se and in forma pauperis, appeals
from the trial court's Order Denying
Motion to Reverse and Rescind Order to Pay Court Cost, Fees, and/or Fines
entered on January 28, 2011.[1]  By two issues, Appellant maintains (1) the
trial court was without plenary power and (2) the trial court's action denied
him due process.  We affirm.

Procedural Background

            On
August 1, 2003, Appellant was convicted of two counts of indecency with a child[2]
and sentenced to ten and twenty years confinement,
respectively for each count.  A $2,000
fine was also assessed.  No appeal was filed.  More than six years later, on April 26, 2010,
without notice or hearing, the trial court signed and entered a document entitled
Order to Withdraw Inmate Funds (Pursuant
to TX. Gov't Code, Sec. 501.014(e)).[3] 
By this withdrawal notification, the trial court directed the Texas
Department of Criminal Justice to withhold from Appellant's inmate account the
sum of $2,533 for court costs, fines and fees. 
While the withdrawal notification provides that "court costs, fines
and fees have been incurred as represented in the certified Bill of Cost[s]/Judgment
attached hereto," the Certified Bill of Costs contained in the clerk's
record was not generated until more than four months later on September 13,
2010.  Furthermore, while the original
judgment of conviction recites "the State of Texas do have and recover of
said Defendant all court costs in this prosecution expended for which execution
will issue," those costs were neither orally pronounced at sentencing nor
specified in the written judgment.

            On July 6, 2010,
Appellant filed a Motion to Reverse and
Rescind Order to Pay Court Costs, Fees,
and/or Fines in the trial court. 
On September 10, 2010, prior to a ruling being issued on that motion, Appellant
filed a pro se notice of appeal challenging
the trial court's withdrawal notification. 
By order dated October 5, 2010, this Court found Appellant's notice of
appeal to be premature because no final, appealable order had been
entered.  See Bryant v. State, No. 07-10-00358-CV, 2010 Tex. App. LEXIS
8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.).  The appeal was abated to allow Appellant the
opportunity to obtain an appealable order.

            Then,
by order dated January 28, 2011, the trial court denied Appellant's pending
motion, resulting in an appealable order. 
See Williams v.
State, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied).  See also Ramirez v. State, 318 S.W.3d 906, 908 (Tex.App.--Waco
2010, no pet.) (holding that "[o]nly when
[the withdrawal notification is] properly challenged and denied relief is there
a trial court order that is final from which the inmate . . . can appeal");
Jewell v. State, No. 06-10-00114-CV,
2011 Tex. App. LEXIS 3256, at *1 (Tex.App.--Texarkana April 28, 2011, no pet. h.).

Standard of Review

We review a trial court's decision
whether to grant or deny a challenge to a withdrawal notification under an
abuse of discretion standard.  Williams, 332 S.W.3d
at 698.  A trial court abuses its discretion
when it acts "without reference to any guiding rules and
principles."  Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31
(Tex. 2010) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)); Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).  Furthermore, a trial court abuses its
discretion if "it reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of
law."  Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985).

Analysis

Issue One - Plenary Jurisdiction

            By his
first issue, Appellant challenges the trial court's plenary power to order
withdrawals from his inmate account pursuant to section 501.014(e).  Appellant reasons that because his criminal conviction
was rendered in 2003, the trial court lacks jurisdictional authority to modify his
judgment of conviction.  Appellant,
however, confuses the trial court's plenary jurisdiction to modify the judgments
rendered in his criminal cases with the court's original jurisdiction to render
a decision in a newly initiated civil proceeding.  In Harrell
v. State, the Texas Supreme Court held that proceedings under section
501.014(e) are civil proceedings, not part of the underlying criminal case.  Harrell
v. State, 286 S.W.3d 315, 316 (Tex. 2009). 
This Court has analogized the filing of a withdrawal notification to the
filing of a civil proceeding for the forfeiture of a bond in a criminal
case.  See Williams, 332 S.W.3d at 696.  In a bond forfeiture proceeding, a trial
court acquires jurisdiction to adjudicate the matter of enforcing the
principal's bond obligation to the state by the filing of a judgment nisi.  Burgemeister
v. Anderson, 113 Tex. 495, 259
S.W. 1078 (1924).  Similarly, we find
that a trial court acquires original jurisdiction to adjudicate disputes
concerning the withdrawal of funds from an inmate account by the filing of a
withdrawal notification.  Furthermore,
Appellant invoked the jurisdiction of the trial court by the filing of his motion.  Because the trial court had
original subject matter jurisdiction to resolve Appellant's motion, his first
issue is overruled.

Issue Two - Due Process

            By
his second issue, Appellant questions whether he received due process.  In Harrell,
the Texas Supreme Court held that a withdrawal notification directing prison
officials to withdraw money from an inmate account pursuant to section
501.014(e) does not violate due process and is, therefore, constitutional when
the inmate has "received some measure of due process."  286 S.W.3d at 320.  In determining whether Harrell was accorded
constitutional due process, the Court concluded that because Harrell had
received notice of the withdrawal (a copy of the withdrawal notification) and
an opportunity to contest the dollar amount and statutory basis of the
withdrawal (a motion to rescind or modify the withdrawal notification),[4] he
received everything that due process requires. 
Id. at 321.  The Court added that neither notice nor an
opportunity to be heard need occur before the issuance of a withdrawal
notification.  Id.  This Court has
interpreted Harrell as saying that
due process is satisfied when an inmate has been given the opportunity to
contest the dollar amount and statutory basis of a section 501.014(e) withdrawal
by way of a motion to modify, correct or rescind the withdrawal
notification.  See Bryant, 2010 Tex. App. LEXIS 8059, at *4-5; Williams v. State, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.).  

            The
withdrawal notification at issue instructed the Texas Department of Criminal
Justice to withdraw the sum of $2,533 from Appellant's inmate account.  Of this sum, $2,000 was for the fine assessed
as a part of Appellant's punishment and $533 was for court fees and costs.  Appellant has not challenged the statutory
basis of those fees and costs and we find that they are legislatively
mandated.  No assessment was made for
court-appointed attorney's fees.  Because legislatively mandated court fees and
costs are not punitive in nature, they do not need to be included in the
oral pronouncement of sentence or in the written judgment in order to be
imposed upon a convicted defendant.  See Weir v. State, 278
S.W.3d 364, 367 (Tex.Crim.App. 2009). 
Furthermore, fines and
legislatively mandated fees and costs are properly collectable by means
of a withdrawal notification regardless of a defendant's ability to pay.  See
Williams, 332 S.W.3d at 700.  

            Because Appellant was been afforded the opportunity to contest the dollar
amount and statutory basis of the section 501.014(e) withdrawal notification at
issue, we find that he has been accorded adequate due process.  Accordingly, we overrule his second issue.

Conclusion

The trial court's Order Denying Motion to Reverse and Rescind
Order to Pay Court Cost, Fees, and/or Fines is affirmed.

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice 

 











[1]Although
this order is dated January 29, 2010, because the genesis of this controversy
was the entry of a document entitled Order to Withdraw Inmate Funds (Pursuant to
TX. Gov't Code, Sec. 501.014(e), entered on April 26, 2010, we find
that the order the subject of this appeal was actually entered on January 28,
2011.  That finding is also consistent
with the court clerk's filing stamp.





[2]Appellant
was convicted in Count I of indecency by exposure and in Count II of indecency
by contact.  Tex. Penal Code Ann. §§
21.11(a)(2)(A) and 21.11(a)(1) (West Supp. 2010).

 





[3]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The statute referenced
by that document, section 501.014(e) of the Texas Government Code, describes
the process as a "notification by a court" directing prison officials
to withdraw sums from an inmate's account, in accordance with a schedule of
priorities set by the statute, for the payment of "any amount the inmate
is ordered to pay by order of the court." 
See Tex. Gov't Code Ann. §
501.014(e) (West Supp. 2010).  See also Harrell v. State, 286 S.W.3d
315, 316 n.1 (Tex. 2009).  Therefore, rather than refer to that document
as an order, we prefer to use the
statutory term "withdrawal notification" in order to avoid confusion
with the underlying court order that actually is the subject of this
appeal.  For convenience, sections of the
Texas Government Code will subsequently be cited as "section __" or
"Section __".

 





[4]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2009).