NO. 07-10-0464-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 14, 2011

_____

JOHNNY LEE REY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 6,989-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Johnny Lee Rey, an inmate proceeding *pro se* and *in forma pauperis*, appeals from the trial court's order entered October 27, 2010, denying his *Motion to Strike / Withdraw Void Order to Withdraw Inmate Funds Dated February 23, 2010.*[1] By

_____

[1]Although Appellant's motion to strike references a withdrawal notification dated February 23, 2010, that document was replaced by a *Nunc Pro Tunc Order* dated April 20, 2010.

three issues, Appellant maintains (1) the trial court was without plenary power to enter the withdrawal notification the subject of his motion to strike, (2) the trial court's action denied him due process because the evidence was legally insufficient, and (3) the doctrine of laches bars the State's recovery of both judicially determined and legislatively mandated fees and costs of court. We reverse and render in part and remand in part.

## Procedural Background

On June 2, 1995, Appellant was convicted of capital murder and was assessed a sentence of life. No appeal was filed. Although the original judgment of conviction recites "the State of Texas do have and recover of said defendant all costs in this proceeding incurred," no costs were specified in the written judgment.

More than fourteen years later, on February 23, 2010, without notice or hearing, the trial court signed and entered a document entitled *Order to Withdraw Inmate Funds (Pursuant to TX. Gov't Code, Sec. 501.014(e)).*[2] By this withdrawal notification, the trial court directed the Texas Department of Criminal Justice to withdraw from Appellant's inmate account the sum of $74,509.65 for fees and costs of court. While the withdrawal

---

[2]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. The statute referenced by that document, section 501.014(e) of the Texas Government Code, describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court." *See* Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010). *See also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). Therefore, rather than refer to that document as an *order*, we prefer to use the statutory term "withdrawal notification" in order to avoid confusion with the underlying court order that actually is the subject of this appeal. For convenience, sections of the Texas Government Code will subsequently be cited as "section __" or "Section __".

notification provided that "court costs, fines and fees have been incurred as represented in the certified Bill of Cost/Judgment attached hereto," no bill of costs or judgment was attached. In response to that withdrawal notification, on March 15, 2010, Appellant filed his *Motion to Strike / Withdraw Void Order to Withdraw Inmate Funds Dated February 23, 2010.* Thereafter, on April 20, 2010, the trial court signed and entered a *Nunc Pro Tunc Order,* again purporting to direct the Texas Department of Criminal Justice to withdraw the sum of $74,509.65 for fees and costs of court. Although the *nunc pro tunc* withdrawal notification also provided that a "certified Bill of Cost/Judgment [was] attached hereto," again, no bill of costs or judgment was attached. What the clerk's record does contain is an *Amended Statement of Costs,* dated June 23, 2010, reflecting a "remaining amount due" of $72,122.63.[3] That sum reflects the sum of $70,751.20 for court-appointed attorney's fees, $1,376.68 for "district clerk fees," $44.50 for miscellaneous legislatively mandated fees, and a credit of $49.75 for amounts paid.

A hearing was held and by an order dated October 27, 2010, the trial court denied Appellant's motion to strike, resulting in an appealable order. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied). *See also Ramirez v. State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.) (holding that "[o]nly when [the withdrawal notification is] properly challenged and denied relief is there a trial court order that is final from which the inmate . . . can appeal"); *Jewell v. State*, No. 06-

---

[3]The clerk's record does not contain a bill of costs for $74,509.65. In his brief Appellant does, however, acknowledge receiving a bill of costs for that amount. Although we have no way of knowing for certain, we assume the difference is attributable to credits given for sums withdrawn from Appellant's inmate account.

3

10-00114-CV, 2011 Tex. App. LEXIS 3256, at *1 (Tex.App.--Texarkana April 28, 2011, no pet. h.).

## Standard of Review

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse of discretion standard. *Williams*, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team*, *LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *Howell v. State*, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

## Analysis

### Issue One - Plenary Jurisdiction

By his first issue, Appellant challenges the trial court's plenary power to order withdrawals from his inmate account pursuant to section 501.014(e). Appellant reasons that because his criminal conviction was rendered in 1995, the trial court lacks jurisdictional authority to modify his judgment of conviction. Appellant, however, confuses the trial court's plenary jurisdiction to modify the judgment rendered in his

4

criminal case with the court's original jurisdiction to render a decision in a newly initiated civil proceeding. In *Harrell v. State*, the Texas Supreme Court held that proceedings for the collection of fees and costs of court under section 501.014(e) are civil proceedings, not part of the underlying criminal case. *Harrell v. State,* 286 S.W.3d 315, 316 (Tex. 2009). This Court has analogized the filing of a section 501.014(e) withdrawal notification to the filing of a civil proceeding for the forfeiture of a bond in a criminal case. *See Williams,* 332 S.W.3d at 696. In a bond forfeiture proceeding, a trial court acquires jurisdiction to adjudicate the matter of enforcing the principal's bond obligation to the state by the filing of a *judgment nisi. Burgemeister v. Anderson,* 113 Tex. 495, 259 S.W. 1078 (1924). Similarly, we find that a trial court acquires original jurisdiction to adjudicate disputes concerning the withdrawal of funds from an inmate account by the filing of a withdrawal notification. Furthermore, in this case, Appellant submitted himself to the jurisdiction of the trial court by the filing of his motion to strike. Because the trial court had original subject matter jurisdiction to resolve Appellant's motion, his first issue is overruled.

## Issue Two - Due Process

By his second issue, Appellant questions whether he received due process. In *Harrell*, the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." 286 S.W.3d at 320. In determining whether Harrell

5

was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[4] he received everything that due process requires. *Id.* at 321. The Court added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.* This Court has interpreted *Harrell* as saying that due process is satisfied when an inmate has been given the opportunity to contest the dollar amount and statutory basis of a section 501.014(e) withdrawal by way of a motion to modify, correct or rescind the withdrawal notification. *See Bryant v. State*, No. 07-10-0358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.).

*Legislatively Mandated Fees and Costs*

A district clerk is required to keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. Tex. Code Crim. Proc. Ann. art. 103.009(a)(1) (West 2006). A statement of an item of costs in a fee record is prima facie evidence of the correctness of the statement. *Id.* at art. 103.009(c). Because legislatively mandated court fees and costs are not punitive in nature, they do not need to be included in the oral pronouncement of sentence or in the written judgment in order

---

[4]The trial court denied Harrell's *Motion to Rescind. See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

to be imposed upon a convicted defendant. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009). Furthermore, fines and legislatively mandated fees and costs are properly collectable by means of a section 501.014(e) withdrawal notification regardless of a defendant's ability to pay. *See Williams*, 332 S.W.3d at 700. Because Appellant was accorded the opportunity to contest the dollar amount and statutory basis of the withdrawal notification at issue, as to the legislatively mandated sums being withheld, we find that he has been given adequate procedural due process with respect to those fees and costs.

*Court Appointed Attorney's Fees*

Appellant further contends that due process considerations require that there be sufficient evidence in the record to provide a factual basis for the assessment of court costs and that, in light of the absence of evidence in this case, the trial court abused its discretion by failing to amend or correct the withdrawal notification the subject of his motion to strike. Specifically, Appellant contends that because there is no evidence of his ability to pay all or any part of his court-appointed attorney's fees in this case, the trial court abused its discretion by failing to grant his motion.

Pursuant to article 26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g)

7

(West Supp. 2010). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees. *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); *Mayer*, 309 S.W.3d at 557.

The withdrawal notification at issue instructs the Texas Department of Criminal Justice to withdraw the sum of $74,509.65 from Appellant's inmate account. That sum includes the sum of $70,751.20 for court-appointed attorney's fees. The State candidly concedes that there is insufficient evidence of record to demonstrate Appellant's financial ability to offset the costs of these legal services and it agrees that the clerk's record of costs and the withdrawal notification should be modified to remove the sum of $70,751.20 from the amounts due. Because due process requires that there be sufficient evidence in the record to provide a factual basis for the assessment of court-appointed attorney's fees, Appellant's second issue is sustained.

**Issue Three - Laches**

By his third and final issue, Appellant contends that the doctrine of laches bars the State from collecting court costs and fees via section 501.014(e). Laches is an equitable remedy akin to estoppel that requires a showing that the party asserting a

claim has unreasonably delayed the assertion of that claim and, due to that delay, the opposing party has made a good faith change of position to his or her detriment. *See City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex. 1964); *In re Laibe Corporation,* 307 S.W.3d 314, 318 (Tex. 2010). However, in its sovereign capacity, the State, unlike ordinary litigants, is not subject to the defense of laches. *State v. Durham,* 860 S.W.2d 63, 67 (Tex. 1993). Therefore, the doctrine of laches provides no relief to Appellant. Issue three is overruled.

## Conclusion

The trial court's *Order* of October 27, 2010, is reversed and judgment is hereby rendered striking the *Nunc Pro Tunc Order* dated April 20, 2010. This matter is further remanded to the trial court for the entry of an amended bill of costs and amended withdrawal notification in accordance with this opinion. We further order that a copy of that withdrawal notification be delivered to this Court and to the Texas Department of Criminal Justice.

Per Curiam

9