NO. 07-10-0464-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JUNE 14, 2011

 

______________________________

 

 

JOHNNY LEE REY, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 6,989-C; HONORABLE ANA ESTEVEZ, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant, Johnny
Lee Rey, an inmate proceeding pro se
and in forma pauperis, appeals from
the trial court's order entered October 27, 2010, denying his Motion to Strike / Withdraw Void Order to
Withdraw Inmate Funds Dated February 23, 2010.[1]  By three issues, Appellant maintains (1) the
trial court was without plenary power to enter the withdrawal notification the
subject of his motion to strike, (2) the trial court's action denied him due
process because the evidence was legally insufficient, and (3) the doctrine of laches
bars the State's recovery of both judicially determined and legislatively
mandated fees and costs of court.  We reverse
and render in part and remand in part.

Procedural Background

            On
June 2, 1995, Appellant was convicted of capital murder and was assessed a
sentence of life.  No appeal was filed.  Although the original judgment of conviction recites "the State of
Texas do have and recover of said defendant all costs in this proceeding
incurred," no costs were specified in the written judgment.

            More
than fourteen years later, on February 23, 2010, without notice or hearing, the
trial court signed and entered a document entitled Order to Withdraw Inmate Funds (Pursuant to TX. Gov't Code, Sec. 501.014(e)).[2] 
By this withdrawal notification, the trial court directed the Texas
Department of Criminal Justice to withdraw from Appellant's inmate account the
sum of $74,509.65 for fees and costs of court. 
While the withdrawal notification provided that "court costs, fines
and fees have been incurred as represented in the certified Bill of
Cost/Judgment attached hereto," no bill of costs or judgment was attached.  In response to that withdrawal notification,
on March 15, 2010, Appellant filed his Motion
to Strike / Withdraw Void Order to Withdraw Inmate Funds Dated February 23,
2010.  Thereafter, on April 20, 2010,
the trial court signed and entered a Nunc
Pro Tunc Order, again purporting to direct the Texas Department of Criminal
Justice to withdraw the sum of $74,509.65 for fees and costs of court.  Although the nunc pro tunc withdrawal notification also provided that a
"certified Bill of Cost/Judgment [was] attached hereto," again, no
bill of costs or judgment was attached.  What
the clerk's record does contain is an Amended
Statement of Costs, dated June 23, 2010, reflecting a "remaining
amount due" of $72,122.63.[3]   That sum reflects the sum of $70,751.20 for
court-appointed attorney's fees, $1,376.68 for "district clerk fees,"
$44.50 for miscellaneous legislatively mandated fees, and a credit of $49.75
for amounts paid.

            A hearing was held and
by an order dated October 27, 2010, the
trial court denied Appellant's motion to strike, resulting in an appealable
order.  See Williams v. State, 332 S.W.3d 694,
698 (Tex.App.--Amarillo 2011, pet. denied).  See also Ramirez v. State, 318 S.W.3d 906, 908 (Tex.App.--Waco
2010, no pet.) (holding that "[o]nly when
[the withdrawal notification is] properly challenged and denied relief is there
a trial court order that is final from which the inmate . . . can appeal");
Jewell v. State, No. 06-10-00114-CV,
2011 Tex. App. LEXIS 3256, at *1 (Tex.App.--Texarkana April 28, 2011, no pet. h.).

Standard of Review

We review a trial court's decision
whether to grant or deny a challenge to a withdrawal notification under an
abuse of discretion standard.  Williams, 332 S.W.3d
at 698.  A trial court abuses its discretion
when it acts "without reference to any guiding rules and
principles."  Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31
(Tex. 2010) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)); Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).  Furthermore, a trial court abuses its
discretion if "it reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of
law."  Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985).

Analysis

Issue One - Plenary Jurisdiction

            By his
first issue, Appellant challenges the trial court's plenary power to order
withdrawals from his inmate account pursuant to section 501.014(e).  Appellant reasons that because his criminal conviction
was rendered in 1995, the trial court lacks jurisdictional authority to modify his
judgment of conviction.  Appellant,
however, confuses the trial court's plenary jurisdiction to modify the judgment
rendered in his criminal case with the court's original jurisdiction to render
a decision in a newly initiated civil proceeding.  In Harrell
v. State, the Texas Supreme Court held that proceedings for the collection
of fees and costs of court under section 501.014(e) are civil proceedings, not
part of the underlying criminal case.  Harrell v. State, 286 S.W.3d 315, 316
(Tex. 2009).  This Court has analogized
the filing of a section 501.014(e) withdrawal notification to the filing of a
civil proceeding for the forfeiture of a bond in a criminal case.  See Williams,
332 S.W.3d at 696. 
In a bond forfeiture proceeding, a trial court acquires jurisdiction to
adjudicate the matter of enforcing the principal's bond obligation to the state
by the filing of a judgment nisi.  Burgemeister
v. Anderson, 113 Tex. 495, 259
S.W. 1078 (1924).  Similarly, we find
that a trial court acquires original jurisdiction to adjudicate disputes
concerning the withdrawal of funds from an inmate account by the filing of a
withdrawal notification.  Furthermore, in
this case, Appellant submitted himself to the jurisdiction of the trial court
by the filing of his motion
to strike.  Because the trial court had original subject
matter jurisdiction to resolve Appellant's motion, his first issue is
overruled.

Issue Two - Due Process


            By
his second issue, Appellant questions whether he received due process.  In Harrell,
the Texas Supreme Court held that a withdrawal notification directing prison
officials to withdraw money from an inmate account pursuant to section
501.014(e) does not violate due process and is, therefore, constitutional when
the inmate has "received some measure of due process."  286 S.W.3d at 320.  In determining whether Harrell was accorded
constitutional due process, the Court concluded that because Harrell had received
notice of the withdrawal (a copy of the withdrawal notification) and an
opportunity to contest the dollar amount and statutory basis of the withdrawal
(a motion to rescind or modify the withdrawal notification),[4] he
received everything that due process requires. 
Id. at 321.  The Court added that neither notice nor an
opportunity to be heard need occur before the issuance of a withdrawal
notification.  Id.  This Court has
interpreted Harrell as saying that
due process is satisfied when an inmate has been given the opportunity to
contest the dollar amount and statutory basis of a section 501.014(e) withdrawal
by way of a motion to modify, correct or rescind the withdrawal
notification.  See Bryant v. State, No. 07-10-0358-CV, 2010 Tex. App. LEXIS 8059,
at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.); Williams v. State, 322
S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.). 


Legislatively Mandated
Fees and Costs

            A
district clerk is required to keep a record of each fee or item of cost charged
for a service rendered in a criminal action or proceeding.  Tex. Code Crim. Proc. Ann.
art. 103.009(a)(1) (West 2006).  A statement of an item of costs in a fee
record is prima facie evidence of the correctness of the statement.  Id. at art. 103.009(c).  Because legislatively mandated court fees and
costs are not punitive in nature, they do not need to be included in the oral pronouncement of
sentence or in the written judgment in order to be imposed upon a convicted
defendant.  See Weir v. State, 278 S.W.3d 364, 367
(Tex.Crim.App. 2009).  Furthermore, fines and legislatively mandated
fees and costs are properly collectable by means of a section 501.014(e) withdrawal
notification regardless of a defendant's ability to pay.  See
Williams, 332 S.W.3d at 700.  Because
Appellant was accorded the opportunity to contest the dollar amount and
statutory basis of the withdrawal notification at issue, as to the
legislatively mandated sums being withheld, we find that he has been given
adequate procedural due process with respect to those fees and costs.

Court Appointed
Attorney's Fees

            Appellant further contends that due process considerations require that
there be sufficient evidence in the record to provide a factual basis for the
assessment of court costs and that, in light of the absence of evidence in this
case, the trial court abused its discretion by failing to amend or correct the
withdrawal notification the subject of his motion to strike.  Specifically, Appellant contends that because
there is no evidence of his ability to
pay all or any part of his court-appointed attorney's fees in this case,
the trial court abused its discretion by failing to grant his motion.

            Pursuant to article
26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines
that a defendant has financial resources that enable him to repay, in whole or
in part, the costs of legal services provided by a court-appointed attorney,
the court has authority to order a convicted defendant to pay "as court
costs the amount that it finds the defendant is able to pay."  See Tex. Code Crim. Proc. Ann. art. 26.05(g)
(West Supp. 2010).  Without record
evidence demonstrating a defendant's financial resources to offset the costs of
legal services, a trial court errs if it orders reimbursement of
court-appointed attorney's fees.  Mayer v. State, 309
S.W.3d 552 (Tex.Crim.App. 2010). 
Unless a material change in a criminal defendant's financial resources
is established by competent legal evidence, once that defendant has been found
to be indigent, he is presumed to remain indigent for the remainder of the
proceedings.  Tex. Code
Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); Mayer, 309
S.W.3d at 557.

            The withdrawal
notification at issue instructs the Texas Department of Criminal Justice to
withdraw the sum of $74,509.65 from Appellant's inmate account.  That sum includes the sum of $70,751.20 for
court-appointed attorney's fees.  The
State candidly concedes that there is insufficient evidence of record to
demonstrate Appellant's financial ability to offset the costs of these legal
services and it agrees that the clerk's record of costs and the withdrawal
notification should be modified to remove the sum of $70,751.20 from the
amounts due.  Because due process requires
that there be sufficient evidence in
the record to provide a factual basis for the assessment of court-appointed
attorney's fees, Appellant's second issue is sustained.           

Issue Three - Laches

            By his third and final issue,
Appellant contends that the doctrine of
laches bars the State from collecting court costs and fees via section 501.014(e).  Laches is an equitable remedy akin to
estoppel that requires a showing that the party asserting a claim has
unreasonably delayed the assertion of that claim and, due to that delay, the
opposing party has made a good faith change of position to his or her
detriment.  See City of Fort Worth v. Johnson, 388
S.W.2d 400, 403 (Tex. 1964); In re Laibe Corporation, 307 S.W.3d 314, 318 (Tex. 2010).  However, in its sovereign capacity, the State,
unlike ordinary litigants, is not subject to the defense of laches.  State v. Durham, 860 S.W.2d 63, 67 (Tex. 1993).  Therefore, the doctrine of laches provides no
relief to Appellant.  Issue three is
overruled.

Conclusion

The trial court's Order of October 27, 2010, is reversed and judgment is hereby rendered striking
the Nunc Pro Tunc Order dated April
20, 2010.  This matter is further
remanded to the trial court for the entry of an amended bill of costs and amended
withdrawal notification in accordance with this opinion.  We further order that a copy of that withdrawal
notification be delivered to this Court and to the Texas Department of Criminal
Justice.  

                                                                                    Per Curiam 











[1]Although
Appellant's motion to strike references a withdrawal notification dated
February 23, 2010, that document was replaced by a Nunc Pro Tunc Order dated April 20, 2010.  





[2]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The statute referenced
by that document, section 501.014(e) of the Texas Government Code, describes
the process as a "notification by a court" directing prison officials
to withdraw sums from an inmate's account, in accordance with a schedule of
priorities set by the statute, for the payment of "any amount the inmate
is ordered to pay by order of the court." 
See Tex. Gov't Code Ann. §
501.014(e) (West Supp. 2010).  See also Harrell v. State, 286 S.W.3d
315, 316 n.1 (Tex. 2009).  Therefore, rather than refer to that document
as an order, we prefer to use the
statutory term "withdrawal notification" in order to avoid confusion
with the underlying court order that actually is the subject of this
appeal.  For convenience, sections of the
Texas Government Code will subsequently be cited as "section __" or
"Section __".

 





[3]The
clerk's record does not contain a bill of costs for $74,509.65.  In his brief Appellant does, however,
acknowledge receiving a bill of costs for that amount.  Although we have no way of knowing for
certain, we assume the difference is attributable to credits given for sums
withdrawn from Appellant's inmate account.





[4]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2009).